David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorneys for Plaintiff,
Max E. Stewart

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Max E. Stewart,<br><br>  Plaintiff,<br><br>vs.<br><br>ARMED FORCES BANK, NATIONAL ASSOCIATION; COMMUNITY FINANCIAL CREDIT UNION; FIRST NATIONAL BANK OF OMAHA; EXPERIAN INFORMATION SOLUTIONS, INC,<br><br>  Defendants. | CASE NO. **2:16-cv-00708-GMN-GWF**<br><br>**JOINT INTERIM STATUS REPORT** |

Pursuant to the Court's Order entered on May 13, 2016, the parties, by and through their counsel of record, hereby submit the following Joint Status Report and state the following:

1. Plaintiff filed the instant Complaint on 3/31/2016. **ECF No. 1.**

2. On April 15, 2016, dismissal documents were filed as to Community Financial Credit Union ("Community"). **ECF No. 6.**

3. On April 19, 2016, a settlement was reached with Armed Forces Bank, National Association ("Armed Forces"). **ECF No. 7.**

4. On April 29, 2016, Experian Information Solutions, Inc. ("Experian") filed an answer to Plaintiff's Complaint. **ECF No. 8.**

5. On May 6, 2016, First National Bank of Omaha ("Omaha') filed an answer to Plaintiff's Complaint. **ECF No. 10.**

6. On June 16, 2016, dismissal documents were filed as to Armed Forces. **ECF No. 15.**

7. On July 20, 2016, dismissal documents were filed as to First National Bank of Omaha ("Omaha"). **ECF No. 16.**

8. The remaining defendant in this matter is Experian.

9. Discovery is currently scheduled to close on 10/26/2016. **ECF No. 13**.

**Plaintiff's Position**

**Discovery Conducted to Date with Experian**

10. On May 4, 2016, Plaintiff served Interrogatories, Requests for Admissions and Request for Production of Documents to Counsel for Defendant Experian.

11. On August 5, 2016, Experian provided responses to the Plaintiff's Discovery Demands. In those responses, Experian stated it withheld confidential documents that it would produce upon entry of the appropriate protective order. On August 22, 2016, Plaintiff requested the proposed

2

protective order from Experian. Experian has agreed to circulate a proposed protective order and will do so by September 2, 2016. Experian will produce these documents upon entry of an appropriate protective order in this matter.

12. The deposition of Experian's 30(b)(6) witness is currently scheduled for September 1, 2016. However, the deposition may need to be rescheduled given this discovery issue.

13. Further, on August 26, 2016, Experian served Plaintiff with objections to Plaintiff's notice of deposition. In addition to the objections as to topics, Experian objected to the location (Plaintiff's counsel's office in Las Vegas, NV) as the designee is in Dallas, Texas. Experian has offered to make the designee available in Dallas, Texas. However, the date of September 1, 2016, does not work due to previously-scheduled hearing. Experian offered to reschedule the deposition for November 9 or 10, 2016. To date, Experian has not received a response from Plaintiff.

14. The Plaintiff's position has been that "if a defendant truly believes it has 'confidential' or 'proprietary information' that should be protected by a protective order, it should have entered into a stipulated protective order with plaintiff or filed a motion for protective order **before** the date by which it was to respond to plaintiff's requests." (emphasis added). *Bible v. Rio Properties, Inc.*, 246 F.R.D. 614, 619 (C.D. Cal. 2007).

CLAC 2198064.1

15. If the discovery dispute is not resolved by September 2, 2016, Plaintiff anticipates attempting to meet and confer pursuant to LR 26-7 with Experian.  Thereafter, if the discovery dispute remains unresolved, then Plaintiff will likely move to compel the withheld discovery.

16. Experian has noticed Plaintiff's deposition for October 5, 2016.

17. Experian anticipates a discovery extension may be necessary in order to complete the deposition of its 30(b)(6) designee as well as any necessary third-party witnesses.

**Trial & Settlement Conference**

18. The parties anticipate that the trial in this matter will last 2-3 days. Either party may file a Motion for Summary Judgment following the close of discovery, which, if granted by the Court, would reduce the expected length of the trial.

19. The parties propose a trial date in March or April of 2017.

///

///

///

///

//

///

///

4

CLAC 2198064.1

20.     The parties certify that they considered consenting to trial by a magistrate judge and use of the Short Trial Program.  The parties further certify that they met and conferred about the possibility of using alternative dispute resolution processes including, mediation, arbitration, and early neutral evaluation.

Respectfully submitted August 29, 2016.

| | |
|---|---|
| /s/ David H. Krieger, Esq. | /s/ Jennifer L. Braster, Esq. |
| David H. Krieger, Esq. | Jennifer L. Braster, Esq. |
| 8985 S. Eastern Avenue, Suite 350 | Maupin Naylor Braster |
| Henderson, Nevada 89123 | 1050 Indigo Drive |
| (702) 880-5554 | Suite 112 |
| dkrieger@hainesandkrieger.com | Las Vegas, NV 89145 |
| | |
| Attorneys for Plaintiff | Attorneys for Defendant |
| *Max E. Stewart* | *Experian Information Solutions, Inc.* |

IT IS SO ORDERED

_____
United States Magistrate Judge

Dated: 8/30/2016

CLAC 2198064.1